McNULTY, Chief Judge.
Appellants Marie Pfaff DeRoche and Leonard M. DeRoche, as joint executors of the Estate of LeRoy DeRoche, deceased, appeal from an order construing the testator’s will as creating a precatory trust giving appellee, Violet Mitchell, a life estate in a mobile home and lot. We think the trial court erred in such construction and reverse.
The following circumstances existed both at the time of the will’s execution and at the testator’s death. Testator was the sole owner of the mobile home which was located on a lot owned by Venice Bay Trailer Park, Inc. Testator also owned fifty-three and one-half shares of the eighty outstanding shares of that corporation.
In his will, testator, among other things, bequeathed twenty of his shares in the corporation to appellant, Marie DeRoche, and the remainder equally to his brothers, Kenneth and the other appellant, Leonard DeRoche. Paragraph THIRD of the will contains the following language which the court construed to create a precatory trust *861 in appellee, to wit: a life estate in the aforementioned mobile home and lot:
“THIRD: It is my desire that MRS. VIOLET MITCHELL be allowed to continue to live, rent free, on the lot and in the mobile home currently occupied by her, for and during the period of her natural life. I request that each of the three beneficiaries of my interest in Venice Bay Trailer Park, Inc., do their utmost to carry out my desire. In the event said beneficiaries sell the said corporation, I hope that provisions are made to insure that Mrs. Violet Mitchell shall have a life interest in the lot and mobile home currently occupied by her.”
While a testator’s use of precatory language may establish a trust,[1] the language and surrounding circumstances must demonstrate an intention to impose a legal duty upon a legatee to carry out the desired purpose and not leave the legatee free to carry it out or not as he should choose even though clearly the testator had hoped that he would carry it out.[2]
 Nothing on the face of the will nor in the surrounding circumstances herein mandates the imposition of a legal duty on the legatees. Additionally, indeed, the courts have said that if the precatory words refer in whole or in part to property other than that bequeathed or devised by the testator, the words do not create a trust.[3] Here, the language of Paragraph THIRD refers to a life estate in both the mobile home owned by the testator and the' lot owned by the corporation. Clearly, the testator could, have created a trust in the mobile home, but he totally lacked the power of disposition over the lot not owned by him. In neither case, in any event, was the present rule satisfied. No trust was created.
In view whereof, the order appealed from should be, and it is hereby, reversed; and the cause is remanded for further pro-i ceedings not inconsistent herewith.
HOBSON and GRIMES, JJ., concur.

. See Magnant v. Peacock (1946), 157 Fla. 271, 25 So.2d 566.

. See G. Bogert, Trusts § 48 (2d ed. 1965) ; 5 W. Bowe and D. Parker, Page on Wills § 40.5 (3962) ; Restatement, Second, Trusts § 25 (1959). The earlier, and now discarded, view of the English courts was that, absent peculiar circumstances, precatory words were presumed to create a trust if it were shown that the testator desired that the legatee should make a particular disposition of the property. A legal obligation upon the legatee was not required. 1 A. Scott, Trusts § 25.2 (2d ed. 1956).

. See Loomis Institute v. Healy (1922), 98 Conn. 102, 119 A. 31; 5 W. Bowe and D. Parker, Page on Wills § 40.5 (1962) ; G. Bogert, Trusts § 48 (2d ed. 1965). 1 A. Scott, Trusts § 25.1 (2d ed. 1956).